UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-CR-14065-MOORE/LYNCH

UNITED STATES OF AMERICA,

vs.

OSCAR R. QUINCOCES,

Defendant.

_____/

FILED by ___ D.C.

FEB 1 3 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## PLEA AGREEMENT

The United States of America and OSCAR R. QUINCOCES (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 2 of the Information. Count 1 charges the defendant with knowingly and intentionally attempting to entice a minor, by computer and by cell phone, to engage in illegal sexual activity, in violation of Title 18, United States Code, Section 2422(b). Count 2 charges the defendant with knowingly and intentionally enticing a minor, by computer and by cell phone, to engage in illegal sexual activity, in violation of Title 18, United States Code, Section 2422(b).

2. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is

also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court <u>must</u> impose a mandatory minimum term of imprisonment of ten (10) years, and may impose up to life imprisonment for each count. The defendant further understands and acknowledges that any term of imprisonment must be followed by at least five years' supervised release, up to life on supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000. The defendant understands that the Court may impose sentence as to each count concurrently or consecutively.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 per count, for a total assessment of $200, will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. Defendant agrees to abandon to the United States voluntarily and immediately all of his right, title and interest to the following::

2

  a.  One HTC Sprint Cellular Phone bearing Ser. # HT16FHX20070;

  b.  One Apple iPad 64GB bearing Ser. # GB026B3GETV;

  c.  One Apple iPod A1288 bearing Ser. # 1A841MUP203;

  d.  One HP Pavilion Laptop Computer bearing Ser. # CNF9341RNJ;

  e.  One Tower Computer (Homebuilt with a label "MARS2");

  f.  One Digital Video Disc-Recordable (DVD+R DL Disc).

  6.  The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

  7.  The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make

this motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on the probation office or the Court, the United States and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

9. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a) <u>Sexual Contact</u>: The offense charged in Count 2 of the Information involved the commission of a sex act or sexual contact for purposes of U.S. Sentencing Guidelines Section 2G1.3(b)(4)(A).

b) <u>Pattern of Activity Involving Prohibited Sexual Conduct</u>: The defendant engaged in a pattern of activity involving prohibited sexual conduct with minors for purposes of U.S. Sentencing Guidelines Section 4B1.5(b).

10. The defendant is aware that the sentence has not yet been determined by the Court.

The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding upon the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding upon the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

11.     Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Florida following release from prison, defendant will be subject to the registration requirements of FL ST 943.0435. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following

5

conviction.

12. As a condition of supervised release, defendant shall initially register with the state sex offender registration in Florida, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

13. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 2/13/12         By: _____
                          SHANIEK MAYNARD
                          ASSISTANT UNITED STATES ATTORNEY


Date: 2/8/12          By: _____
                          FLETCHER PEACOCK, ESQ.
                          COUNSEL FOR DEFENDANT


Date: 2/8/12          By: _____
                          OSCAR R. QUINCOCES
                          DEFENDANT